[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON SUMMARY JUDGMENT
FACTS CT Page 2660
In the relevant portion of the instant case, the plaintiffs seek a declaratory judgment action regarding the construction of the Last Will and Testament (hereinafter "Will") of Julius Balaban (hereinafter "Testator") who died on March 16, 1989. The plaintiffs Jay and Barry Balaban, two sons of the Testator, filed a five-count complaint on March 15, 1991, challenging a provision in the Testator's will which leaves the remainder of his estate to a certain trust. The plaintiffs name as defendants in this action the Testator's heirs, the beneficiaries under a certain trust, John Bunce, the attorney who drew up the will, and all those named in the will. In the relevant portion of their complaint, here count one, the plaintiffs allege that the Testator's Will dated March 9, 1989, was admitted to probate on June 15, 1989. The plaintiffs attached a copy of said will to their complaint. The plaintiffs also attached to their complaint a copy of a document dated March 9, 1989 and entitled Julius Balaban Trust.
The plaintiffs allege that Article III of the will states that the trust disposing of the remainder of the Testator's estate preexisted the execution of the will. The plaintiffs further allege, however, that said trust, presumably the one attached to the plaintiffs' complaint, did not preexist the will, thus invalidating the express provisions of the will. The relief the plaintiffs seek relevant to this motion is a declaratory judgment with respect to the allegations in the first count: "Whether the remainder clause in the Last Will and Testament of Julius Balaban, deceased, is ineffective and of no legal effect, and the estate of Julius Balaban. . .would pass in accordance with laws of intestate succession."
Defendant Bunce filed an answer to the plaintiffs' complaint on July 14, 1992. The remaining defendants filed an answer to the plaintiffs' complaint on June 18, 1993.
All the defendants, except defendant Bunce, filed a motion for summary judgment, interlocutory in nature, on the issue of whether the will and its express provisions are invalid and have no legal effect if the Trust Agreement was not executed prior to the execution of the will.
The following facts are not in dispute: (1) the CT Page 2661 will was executed on March 9, 1989; and (2) the trust was executed on March 9, 1989, minutes after the execution of the will.
DISCUSSION
Summary judgment shall be granted to a moving party if she proves the nonexistence of material facts and that she is entitled to judgment as a matter of law. Practice Book 384. A party may move for summary judgment in a declaratory judgment action. Republic Insurance Company v. North American Phillips Corporation, 6 CSCR 753 (1991).
"`The cardinal rule to be followed in construing a will is to find and effectuate the intent of the testator. In seeking that intent, the court looks first to the will itself and examines the words and language used in the light of the circumstances under which the will was written.'" (citations omitted.) Dei Cas v. Mayfield, 199 Conn. 569,572, 508 A.2d 439 (1986). "To ascertain the intent of a particular provision, the will must be read as a whole to discover whether it discloses an underlying intent which should be considered in finding the meaning to be accorded to the particular language under construction." (citations omitted.) Id. Extrinsic evidence is admissible to identify a devisee or legatee or the property described in a will, or to clarify ambiguous language. Shulman v. Connecticut Bank 
Trust Co., 5 Conn. App. 561, 501 A.2d 759 (1985). When a court seeks to determine a testator's intention regarding the identity of a devisee or legatee, "[a]ny fact or circumstance, which, from experience or observation, may fairly be presumed to have had an influence on his mind in inducing him to make the bequest or legacy is admissible to prove his intention." Id., 569, citing Ayres v. Weed,16 Conn. 291, 302 (1844).
The relevant provisions of the Testator's will reads:
"I give devise and bequeath all the rest, residue, and remainder of my property of every kind and description (including lapsed legacies and devises), wherever situate and whether acquired before or after the execution of this Will, to ROBERT W. BALABAN, as TRUSTEE under Trust Agreement between myself as Settlor and ROBERT W. BALABAN, as Trustee CT Page 2662 executed prior to the execution of this Will on March 9, 1989."
The defendants assert that the remainder clause of the will is legally valid because General Statutes 45a-260
allows a Testator to make a devise or bequest to the trustee of a trust "provided that the separate trust instrument is identified in the testator's will and its terms are set forth: (1) In a written instrument, not a will, executed before or on the same day as the execution of the testator's will. . . ."
Although the defendants are correct in their assertion that a bequest to a trustee of a trust executed on the same date as the will is valid, this is irrelevant to the plaintiffs' argument that the remainder clause before the court is invalid. The plaintiffs argue that the remainder clause is invalid because the express language of the Will refers to a trust that was executed prior to the execution of the will. As the trust in question was executed after the will, the plaintiffs argue, the remainder clause is ineffectual.
The issue of the identity of the trust referred to in the Testator's Will involves a factual determination. Although both parties agree that the trust presently before the court was executed on the same day the Will was executed, the court finds that additional evidence must be submitted to the court in order to determine the identity of the trust to which the Testator intended to devise and bequeath his property.
Accordingly, the defendant's motion for summary judgment is hereby denied.
Hurley, J.